**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| **WAYLAND DEE KIRKLAND,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **Case No. 11-2347-JAR** |
| ) | |
| **DIANE ZADRA DRAKE, et al.,** ) | |
| ) | |
| **Defendants.** ) | |
| ) | |

**MEMORANDUM AND ORDER**

Plaintiff Wayland Dee Kirkland filed a Motion for Temporary Restraining Order (Doc. 30); defendants have responded. Because the motion seeks injunctive relief pending the final resolution of his case, and Plaintiff has not complied with Fed. R. Civ. P. 56(b), the Court treats the motion as a request for a preliminary injunction. The Court denies the motion because Plaintiff has failed to specify what relief he is seeking, and has failed to show irreparable harm as well as the other requisites for obtaining injunctive relief.

Plaintiff filed his motion in this case and in a related case against separate defendants.[1] The Defendants in this case are associated with two mental health agencies. The motion seeks an order "forbidding all defendants and their agents of further adverse or negative actions against Plaintiff." The only allegation against the Defendants in this case is set forth in ¶ 2.A. and alleges that:

> Plaintiffs mental health care provider ceased all care and contact with Plaintiff immediately following filing said case. No reason or explanation despite continued complaints. This jeopardizes my mental health treatment, housing

---

[1] Case No. 11-2504-EFM-DJW, filed September 6, 2011.

grant.[2]

The remainder of Plaintiff's motion addresses actions allegedly done by the defendants in the other case. In fact, Plaintiff's prayer for relief asks the Court "to issue a restraining order against Franklin County Attorney, Franklin County Sheriff, and Franklin County Courts ordering them to leave Plaintiff alone with regard to defendant G. Jones and Case No. 11-cv-2347 and 11-cv-2504."[3] None of the named defendants are parties in the other case. It is unclear exactly what relief Plaintiff is requesting with regard to the Defendants in this case.

A preliminary injunction is an extraordinary remedy that is granted as the exception rather than the rule.[4] The primary purpose of a preliminary injunction is to preserve the status quo pending a trial on the merits.[5] To obtain a preliminary injunction, the moving party must show a clear and unequivocal right to relief.[6] Plaintiff must show: "(1) a likelihood of success on the merits; (2) a likelihood that the movant will suffer irreparable harm in the absence of preliminary relief; (3) that the balance of equities tips in the movant's favor; and (4) that the injunction is in the public's interest."[7] In cases where the movant has prevailed on the other factors, the Tenth Circuit generally uses a liberal standard for "probability of success on the

---

[2] Doc. 30 at ¶2.A.

[3] *Id.* at 2.

[4] *Hill's Pet Nutrition, Inc. v. Nutro Prods., Inc.*, 258 F. Supp. 2d 1197, 1204 (D. Kan. 2003) (citation omitted).

[5] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 976 (10th Cir. 2004) (en banc), *aff'd*, 126 S. Ct. 1211 (2006).

[6] *SCFC ILC, Inc., v. Visa USA*, 936 F.2d 1096, 1098 (10th Cir. 1991).

[7] *Crowe & Dunlevy, P.C. v. Stidham*, 640 F.3d 1140, 1157 (10th Cir. 2011) (citing *Chamber of Commerce v. Edmondson,* 594 F.3d 742, 764 (10th Cir. 2010) (internal quotation marks omitted); Fed.R.Civ.P. 65).

merits," so the moving party need only raise "questions going to the merits so serious, substantial, difficult and doubtful as to make them a fair ground for litigation and thus for more deliberate investigation."[8]

There are three types of injunctions that are disfavored in the Tenth Circuit, and thus, are subjected to a heightened burden. Those injunctions are: (1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits.[9] If an injunction falls into one of these categories, it "must be more closely scrutinized to assure that the exigencies of the case support the granting of a remedy that is extraordinary even in the normal course. Furthermore . . . movants seeking such an injunction are not entitled to rely on this Circuit's modified-likelihood-of-success-on-the-merits standard."[10]

In this case, it is unclear what relief Plaintiff is seeking with regard to these Defendants. He asserts that they have ceased to provide him care and have ceased contact with him, which he alleges jeopardizes his mental health treatment and housing grant. If Plaintiff is seeking an order requiring Defendants to continue to treat him, Plaintiff's request would be for mandatory relief which would disturb the status quo, and thus, he bears a heightened burden.

Furthermore, the uncertainty as to what relief Plaintiff is seeking with regard to these Defendants would prevent the Court from entering an order in compliance with Fed. R. Civ. P. 65(d)(1). Under Rule 65(d)(1):

---

[8] *Lundgrin v. Claytor*, 619 F.2d 61, 63 (10th Cir. 1980) (internal quotations omitted).

[9] *O Centro*, 389 F.3d at 975.

[10] *Id.* at 975–76.

> Every order granting an injunction and every restraining order must:
> (A) state the reasons why it issued;
> (B) state its terms specifically; and
> (C) describe in reasonable detail—and not by referring to the complaint or other document—the act or acts restrained or required.[11]

Plaintiff has not shown that he will be irreparably harmed by a denial of his request for injunctive relief. Plaintiff's allegations suggest that the Defendants in this case no longer have contact with him. Plaintiff does not address whether or not he is receiving care from another mental health care provider. Plaintiff's motion fails to address any of the standards for injunctive relief and therefore must be denied.

**IT IS THEREFORE ORDERED BY THE COURT** that plaintiff's Motion for Temporary Restraining Order (Doc. 30) is DENIED.

**IT IS SO ORDERED.**

Dated: <u>November 16, 2011</u>

 S/ Julie A. Robinson
JULIE A. ROBINSON
UNITED STATES DISTRICT JUDGE

---

[11] Fed. R. Civ. P. 65(d)(1).